# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANTHONY R. VIGIL,

    Petitioner,

                                              Civil No. 00-1406 MV/WWD

ERASMO BRAVO, et a.l,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
**Proposed Findings**

    1. THIS MATTER comes before the Court upon Respondent's Motion to Dismiss Petition, filed November 22, 2000 **[docket # 11]**. Mr. Vigil, who is proceeding *pro se* and *in forma pauperis*, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 10, 2000. He is currently incarcerated pursuant to the judgment, sentence and commitment of the Fourth Judicial District in the Court of Guadalupe County, New Mexico, for the crimes of cocaine trafficking and distribution.

    2. Respondents seek dismissal of the petition as barred by the time limits set out by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2244(d)(1)(A). The provision, effective April 24, 1996, gives a petitioner one year from the date the judgment became final to file an application for writ of habeas corpus pursuant to § 2254. However, the time during which a petitioner has a properly filed application for post-conviction review pending in state court is not counted toward the limitation period. See Hoggro v. Boone,

150 F.3d 1223, 1226 (10th Cir.1998); 28 U.S.C. § 2244(d)(2).

3. Respondents state that Petitioner's conviction became final on March 30, 1999, when his petition for writ of certiorari was denied by the state supreme court. <u>Ans., Ex. H</u>. However, the correct date on which the conviction became final was June 29, 1999, or 90 days *after* the state supreme court denied the petition.[1] Thus, Petitioner was required to file his federal petition on or before June 29, 2000. The federal petition was filed on October 10, 2000 and is therefore untimely by almost four months.

4. Petitioner filed a state habeas petition on September 28, 2000. Because the petition was filed three months *after* the limitations period expired, the time during which it was pending in state court cannot be used to toll the statute of limitations.

5. Petitioner has not presented, nor do I find that any of the equitable tolling provisions of § 2242(d)(2) are implicated. Accordingly, federal review of the present petition is barred because it is untimely and Respondents' Motion to Dismiss should be granted.

**Recommendation**

I recommend that Respondents' Motion to Dismiss Petition **[docket # 11]** be GRANTED; that Petitioner's application for Writ of Habeas Corpus be DENIED and that this cause be dismissed with prejudice in its entirety.

Within ten days after a party is served with a copy of these proposed findings and

---

[1] A judgment of conviction is final for purposes of the one-year limitation period in § 2255 when the United States Supreme Court denies a petition for writ of certiorari after a direct appeal, regardless of whether a petition for rehearing from the denial of certiorari is filed. <u>U.S. v. Willis</u>, 202 F.3d 1279, 1280-81, n.2 (10th Cir. 2000))(relying on <u>United States v. Burch</u>, 202 F.3d 1274 (10th Cir. 2000) to apply reasoning to § 2254 petitions)

recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE